# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Case No. 3:19-CV-00532-RJC-DSC

| | |
|---|---|
| **LUIS MORENO,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**PRAIRIE PIZZA, INC., PATTERSON PIZZA COMPANY, LLC, TEAM LINCOLNTON, INC., MP3 PIZZA COMPANY, INC., LRB&B, INC., MOUNTAINEER PIZZA, LLC, MJM PIZZA, LLC,** and **KING KAY, LLC,**<br><br>Defendants. | **DECLARATION OF ATTORNEY J. FORESTER** |

## DECLARATION OF ATTORNEY J. FORESTER

I, J. Forester, declare under the penalty of perjury that the following statements are true and accurate, that I am over 18 years of age and otherwise competent to testify as to the matters contained herein, and that if called to testify in this matter, my testimony would be as follows:

1. I am a partner at the law firm Forester Haynie ("FH"). FH initiated this action In October 2019. Plaintiff filed this lawsuit ("the Litigation") on behalf of similarly situated delivery drivers who were hired to deliver pizzas. Plaintiff alleged Defendants violated the FLSA by failing to pay him and other similarly situated delivery drivers at least the federal minimum wage and later expanded their allegations to include violations of the state meal and rest break statutes.

2. I am admitted and in good standing to practice before all Texas Courts, the United States Supreme Court, the Fifth Circuit Court of Appeals, as well as numerous other U.S. District Courts spread throughout the United States. I am respected by my peers as an accomplished plaintiff-side

employment lawyer. For my work, I have been named both a *Super Lawyers Rising Star* and a "Top 40 Under 40" attorney by D Magazine in the plaintiffs employment and class action categories. I have also actively been involved in many professional service activities. I have written articles for a variety of legal publications and have had articles I authored distributed in several publications, including by the University of Texas school of Law, the American University College of Law, and various ABA treaties, including *The Fair Labor Standards Act* and *Wage and Hour Laws, A State-by-State Survey* (where I was twice responsible for updating and editing the Texas Section). I also regularly conduct CLEs on wage and hour law and have done so for the American Bar Association, the State Bar of Texas, and the Dallas Bar Association. I have also been invited to speak on wage and hour topics at various law schools throughout the nation. I am nationally recognized by my peers as an accomplished lawyer and was previously elected to serve terms as the Co-Chair for the ABA Young Lawyer Division Labor & Employment Committee and to numerous other state and local bar leadership positions.

3. Since 2014, my practice has focused almost exclusively on litigating multi-plaintiff wage and hour claims under federal and state law and I have served as plaintiff's counsel in more than 100 class and/or collective wage and hour lawsuits. I have previously been appointed to serve as class counsel in this District in *Chenkus v. Prairie Pizza, Inc. dba Domino's*, 3:17-cv-00723 (W.D. NC) that was resolved on an opt-in only basis. Additionally, I have served as class counsel in similar matters brought for delivery drivers where settlements were approved on a hybrid opt-in/opt-out basis including in this Circuit in *Marnoch and Breit v. GBR Pizza, Inc. et al*, Case 5:19-cv-257 (E.D. N.C.); *Smith v. Southeastern Pizza People, Inc. et al*, Case 7:19-cv-105 (E.D. N.C.); *Ball v. New River Valley Pizza, LLC, et al*, Case 7:19-cv-362 (W.D. VA.). Outside of this Circuit,

2

I have been involved as counsel in numerous other matters that were similarly resolved on a hybrid FLSA/Rule 23 basis for delivery drivers, including, but not limited to:

- *Fisher v. Wilson Pizza CK Inc. et al.,* Case 3:18-cv-479-CRS (W.D. KY.);
- *Cheeney v. Five Star Pizza Co., Inc. et al*, Case 1:18-cv-606 (W.D. MI.);
- *Bessey v. Mand Made Pizza, Inc. et al.,* Case 1:18-cv-00938-LTB (D. CO.);
- *Doyle v. Be Hurd, Inc. et al.*, Case 3:20-cv-138 (E.D. TN.);
- *Hathaway v. Valley Pizza, Inc. et al.*, Case 1:20-cv-089 (E.D. TN.);
- *Rechtoris v. Dough Management, Inc. et al.*, Case 3:18-cv-708 (N.D. IN.);
- *McFadden v. NFSM Pizza, Inc.*, et al., Case 18-cv-204 (D. WY.);
- *Fletcher & Murray v. Tips, Inc.,* Case 1:18-cv-00937 (D. CO.);
- *Gentry v. EPSI, Inc. dba Domino's*, 5:18-cv-00020 & *Smith v. EPSI, Inc. dba Domino's*, 6:19-cv-00124 (both in E.D. TX.)
- *McKeon v. Integrity Pizza LLC*, et al, Case 18-cv-00932 (D. CO.);
- *Bearce v. Vigil Ventures, Inc., et al*, Case 2:19-cv-141 (N.D. TX.) and,
- *Lewis et al. v. Lucky 2 Logistics, LLC et al.*, Case No. 2:19-cv-323 (E.D. WI).

4. This experience allowed me to obtain an excellent and efficient result for Plaintiff and the Class Members in this case. My experience allowed the Parties to stipulate to class certification, avoiding the motion practice typically associated with this process. Similarly, my experience resulted in a settlement without the need for expensive discovery and dispositive motion practice.

5. Notice of this settlement, which explained the terms of the Agreement, Delivery Drivers' rights under the Agreement, the procedure for objecting to the Agreement, and information regarding the Fairness Hearing was mailed to all eligible Delivery Drivers. No

objections were submitted. No Class Member requested additional information regarding or notified FH of their intent to attend the Fairness Hearing.

6. Collective and class action litigation is time consuming and requires a substantial commitment of time and resources, including advancing all litigation costs. I am familiar with and knowledgeable about the market for plaintiff-side employment lawyers and that there are relatively few attorneys in this District with a similarly-limited plaintiff-side wage and hour practice. My hourly billable rate is $600 per hour and I was recently approved at a rate of $600/hour in *Lewis et al. v. Lucky 2 Logistics, LLC et al.*, Case No. 2:19-cv-323 (E.D. WI); *see also*, *Chin v. The Tile Shop LLC,* Case No. 13-cv-02969 (D. Mn., 2017)(where I was approved at an hourly rate of $480 as an associate attorney). Plaintiff's counsel also accepted this case on a contingency basis with no guarantee of payment.

7. Plaintiff's Counsel have worked diligently on this case, analyzing client documents, developing the theory of liability, obtaining ADR-related discovery, reviewing, and analyzing mileage and reimbursement data for Defendants' Delivery Drivers, preparing detailed damages analysis, communicating with Plaintiff, opt-in Plaintiffs and Class Members, preparing for and participating in mediation, and researching and drafting the pleadings for preliminary and final approval of the settlement. The law firm of Forester Haynie PLLC partners have billed in excess of 130 hours of attorney time to date, which was reasonably and necessarily billed to this matter. In reviewing the billing record in preparation for this Declaration, I also decreased numerous attorney billings that I deemed duplicative or excessive and wholly excluded time spent by my staff on this matter. This amount does not include time billed by my co-counsel as part of the total fees incurred and I estimate that Plaintiff's counsel may bill an additional 70 hours or more to this matter for preparation for the fairness hearing, participation in and travel for the fairness hearing,

as well as addressing any questions or concerns that arise during the distribution of the settlement proceeds to the Class Members and the extended Reserve Fund Period.

8. The Parties participated in an alternative dispute resolution ("ADR") process that included a full-day in-person mediation before an experienced mediator, Hunter Hughes. Plaintiff was able to obtain a recovery for all Delivery Drivers who were employed by Defendants during the full recoverable period preceding the filing of the Complaint under both federal and state law. Collective Members (i.e., putative collective action members who have timely filed the Claim Form) will be allocated a proportional share of the Net Settlement Fund based on the total delivery miles driven by each Collective Member with all eligible Class Members to receive a minimum payment. The Maximum Settlement Amount obtained via mediation accounts for 1) the fact that Defendants would have vigorously contested the merits of Plaintiff's FLSA claims; 2) that Defendants contend the shorter two-year statute of limitations for non-willful violations of the FLSA would have been appropriate, which would significantly reduce the possible recovery, in large part because many eligible Delivery Drivers worked only during the third year and because a large number of miles were driven during the third year; and 3) the mediator's assessment regarding Defendants' inability to withstand a higher judgment.

9. Additionally, Mr. Moreno substantially assisted counsel and therefore should receive the requested service awards. Mr. Moreno volunteered to serve as named plaintiff and the class representative, worked with Plaintiff's counsel on a plan to facilitate and finalize settlement efforts, sought the best possible outcome for all of Defendants' delivery drivers, and reviewed and approved the settlement documents. There is no question that all of the other delivery drivers have substantially benefitted from the ongoing actions of Mr. Moreno.

5

Case 3:19-cv-00532-RJC-DSC   Document 21-3   Filed 07/12/21   Page 5 of 6

10. The complexity, expense, and likely duration of this litigation also weighs heavily in favor of the Court finding that the settlement is adequate, fair, and reasonable. Resolution of the issues in dispute in the litigation would require substantial time and resources, including dispositive motions and the potential of a multiple-day trial, as well as possible appeals and post-trial motions. The ultimate issue regarding the appropriate mileage reimbursement rate would almost certainly be an issue for the jury and require expert testimony given that the FLSA does not require a specific reimbursement rate. Although these issues remain unresolved, counsel for the Parties had sufficient information to assess the respective strengths and weaknesses of their case and reach the conclusion that the Settlement is in the best interests of the Parties.

11. To date, FH has also incurred $11,984.06 costs in prosecuting this matter, inclusive of $10,000.00 in mediation fees. All of the expenses incurred have been reasonably necessary to successfully prosecute the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of July, 2021.

                                                     /s/ Jay Forester
                                                     J. Forester